SEYFARTH SHAW LLP
KENNETH L. WILTON (SBN 126557)
kwilton@seyfarth.com
DESTINY J. BROWN (SBN 305093)
debrown@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Plaintiff
GO SPEAK UP LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GO SPEAK UP LLC, a Nevada limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAGGLE.NET, INC., an Illinois corporation,<br>　　　　　Defendants. | Case No. 2:19-cv-5045<br><br>**COMPLAINT FOR:**<br><br>**INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK (15 U.S.C. § 1114);**<br><br>**FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a);**<br><br>**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200; AND**<br><br>**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA COMMON LAW**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Go Speak Up LLC ("Speak Up") alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for trademark infringement and unfair competition under the United States Trademark Act, 15 U.S.C. §§ 1051, *et seq.*, as amended, and the statutes and common law of the State of California.

---
COMPLAINT

53725370v.5

2. Speak Up's claims for infringement of its federally registered trademarks and for unfair competition arise under the United States Trademark Act, and are within the subject matter of the jurisdiction of this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

3. Speak Up's claims for relief for trademark infringement and unfair competition under the statutory and common laws of the State of California are within the subject matter jurisdiction of this Court pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

4. This Court has specific personal jurisdiction over Defendant Gaggle.Net, Inc. ("Defendant") because Defendant does business in the State of California and has committed the tortious act of trademark infringement and the other claims herein alleged that have led to foreseeable harm and injury to Speak Up in the State of California.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Speak Up's claims arose in this judicial district, and Speak Up has been and continues to be harmed in this judicial district.

## THE PARTIES

6. Plaintiff Go Speak Up LLC is a Nevada limited liability company with a place of business at 3003 Pennsylvania Ave., Santa Monica, CA 90404.

7. On information and belief, Defendant Gaggle.Net, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 2205 E Empire St., Suite B, Bloomington, IL 61704.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**Speak Up's Business**

8. From a long time prior to the acts of Defendant complained of herein, Speak Up has marketed, promoted, and used the marks SPEAK UP! and SPEAK UP! And Design ("SPEAK UP! Marks") on and in connection with its application software for the reporting of bullying, harassment, anti-social and suspicious behavior, and

2
COMPLAINT

53725370v.5

related news and information. Speak Up's application software is available for use on desktop computers, smart phones, tablet computers, handheld computers, personal digital assistants, and mobile computer apparatus.

9. Speak Up is the owner of the following United States Trademark Registrations for the SPEAK UP! Marks:

- Reg. No. 5,117,826, issued January 10, 2017, for the word mark SPEAK UP! for "Computer application software for desktop computers, smart phones, tablet computers, handheld computers, personal digital assistants, and mobile computer apparatus, namely, software for reporting global bullying, harassment, and related news and information" with a date of first use of June 27, 2013.
- Reg. No. 5,131,865, issued January 31, 2017, for SPEAK UP! and Design for "Computer application software for desktop computers, smart phones, tablet computers, handheld computers, personal digital assistants, and mobile computer apparatus, namely, software for reporting global bullying, harassment, anti-social and suspicious behavior, and related news and information" with a date of first use of February 17, 2015.

Copies of the certificates of registration for the SPEAK UP! Marks are attached hereto as Exhibit A and are incorporated herein by reference as if set forth in full.

10. Since its introduction, Speak Up's application software has provided students in grades K-12 and college/university students with a convenient way to anonymously report instances of bullying, harassment, anti-social and suspicious behavior that occurs on campus and online to school officials. A high percentage of bullying, harassment, anti-social and suspicious behavior goes unreported due to fear. The anonymous reporting allowed by the SPEAK UP! application helps to eliminate the fear of, and retaliation from, such reporting. Speak Up's application seeks to empower students to take action in the face of unjust acts and aims to reduce the threat of bullying and other negative behaviors in schools, colleges and universities.

11. Speak Up has expended substantial resources in advertising and promoting the application sold under its SPEAK UP! Marks.

**Defendant's Knowledge Of Speak Up's Rights**

12. By reason of Speak Up's ownership of United States Trademark Registration Nos. 5,117,826 and 5,131,865, Defendant had, at least, constructive notice of Speak Up's rights in and to the SPEAK UP! Marks at least as early as March, 2016, when the applications to register the SPEAK UP! Marks were filed.

13. On information and belief, as a result of Speak Up's extensive use of the SPEAK UP! Marks and the substantial publicity associated with the software application which is sold under the Marks, Defendant had actual knowledge of Speak Up's rights in and to the SPEAK UP! Marks at the time it commenced the actions described below.

14. On June 25, 2018, Speak Up provided Defendant with actual notice of its SPEAK UP! Marks and requested that Defendant cease and desist from its acts of trademark infringement as described below. Defendant has not responded to Speak Up's request, and has continued its infringing activities as described herein.

**Defendant's Unlawful Activities**

15. On June 1, 2018, Speak Up became aware of Defendant's use of the mark SPEAKUP ("Defendant's Mark") on and in connection with software that was intended to provide students with an easy way to share concerns about school safety and the well-being of fellow students to schools officials ("Defendant's Product"). A true and correct copy of Defendant's "SPEAKUP" Software webpage is attached hereto as Exhibit B.

16. On March 7, 2018, Defendant filed an application with the United States Patent and Trademark Office for registration of "SPEAKUP" for "Software as a service (SAAS) allowing users to report potential violence or other safety concerns at schools via email, phone, messaging and chat systems" in Class 42 which was assigned Application Serial No. 87823332 ("Defendant's Trademark Application"). In its

application Defendant claims that it first used Defendant's Mark in commerce on January 25, 2018, nearly five years after Speak Up adopted and first used the SPEAK UP! Marks.

17. Defendant's Mark is virtually identical in sight, sound and meaning to Speak Up's SPEAK UP! Marks and is used in connection with services that are the same as those sold under the SPEAK UP! Marks.

18. On information and belief, Defendant has engaged in the marketing, advertising, promotion, and use of Defendant's Product under Defendant's Mark in interstate commerce and/or in commerce affecting interstate commerce.

19. Defendant's use of Defendant's Mark as a trademark in connection with the marketing, advertising, promotion, sale, offering for sale, and use of Defendant's Product has been without the permission or authority of Speak Up.

20. Defendant's use of Defendant's Mark on and in connection with the marketing, advertising, promotion, offering for sale and sale of Defendant's Product has been with full knowledge of Speak Up's rights in and to the SPEAK UP! Marks, and such acts are without Speak Up's authority or consent, and are intended to and likely to confuse consumers and members of the trade as to the source of Defendant's Product, and falsely suggests a connection or association between Speak Up and Defendant.

21. Defendant's activities have resulted and will continue to result in irreparable harm and injury to Speak Up, in that, among other things, they confuse the relevant consuming public as to the origin of and authorization for Defendant's Product; they falsely suggest a sponsorship or association between Speak Up and Defendant; they deprive Speak Up of control over the nature, design and quality of the services associated with the SPEAK UP! Marks; and they have the potential to injure Speak Up's relationships with its consumers.

## FIRST CLAIM FOR RELIEF

### (Infringement Of Federally-Registered Trademarks)

22. Speak Up repeats and realleges the allegations in paragraphs 1 through 21 of this Complaint, inclusive, as if fully set forth herein.

23. Defendant's use of Defendant's Mark as aforesaid constitutes the use in commerce of a reproduction, copy, or colorable imitation of the registered SPEAK UP! Marks in connection with the sale, offering for sale, distribution, and advertisement of Defendant's Product, which use is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of Defendant's Product, in violation of 15 U.S.C. § 1114(1).

24. Defendant's use of Defendant's Mark as aforesaid has caused and continues to cause irreparable harm to Speak Up.

25. Speak Up has no adequate remedy at law. Unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged herein, including the unauthorized use in commerce of Defendant's Mark, Speak Up will continue to suffer irreparable harm in the form of, *inter alia*, loss of control over the goodwill associated with its SPEAK UP! Marks. Accordingly, Speak Up is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendant, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further such acts of trademark infringement in violation of the Lanham Act.

26. Pursuant to 15 U.S.C. § 1117(a), Speak Up is also entitled to recover damages it has sustained and will sustain as a result of Defendant's wrongful conduct, and the gains, profits and advantages that Defendant has obtained as a result of its wrongful conduct. At present, Speak Up is unable to ascertain the full extent of its damages, or the gains, profits and advantages that Defendant has obtained by reason of its wrongful conduct described herein.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition In Violation Of Federal Law)

27. Speak Up repeats and realleges the allegations in paragraphs 1 through 21 of this Complaint, inclusive, as if fully set forth herein.

28. Defendant's use of Defendant's Mark as aforesaid constitutes the use in commerce in connection with Defendant's Product of a word, term, name, symbol, or device, which use is likely to cause confusion, or to cause mistake, or to deceive, as to the affiliation, connection, or association of Defendant with Speak Up, or as to the origin, sponsorship, or approval of Defendant's Product or Defendant's commercial activities by Speak Up in violation of 15 U.S.C. § 1125(a)(1).

29. Speak Up has no adequate remedy at law. Unless Defendant is preliminarily and permanently enjoined from committing the unlawful acts alleged herein, including the unauthorized use in commerce of Defendant's Mark, Speak Up will continue to suffer irreparable harm in the form of, *inter alia*, loss of control over the goodwill associated with its SPEAK UP! Marks. Accordingly, Speak Up is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendant, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further such acts of trademark infringement in violation of the Lanham Act.

30. Pursuant to 15 U.S.C. § 1117(a), Speak Up is also entitled to recover damages it has sustained and will sustain as a result of Defendant's wrongful conduct, and the gains, profits and advantages that Defendant has obtained as a result of its wrongful conduct. At present, Speak Up is unable to ascertain the full extent of its damages, or the gains, profits and advantages that Defendant has obtained by reason of its wrongful conduct described herein.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition In Violation Of Cal. Bus. & Prof. Code § 17200)

31. Speak Up repeats and realleges the allegations in paragraphs 1 through 21 of this Complaint, inclusive, as if fully set forth herein.

32. Defendant's use of Defendant's Mark as aforesaid constitutes trademark infringement, and unfair competition, in violation of Section 17200 of the California Business and Professions Code.

33. Defendant's acts as aforesaid have caused and continue to cause irreparable harm to Speak Up.

34. Unless restrained and enjoined by this Court, Defendant will persist their acts, thereby causing Speak Up further irreparable harm.

35. Speak Up has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition In Violation Of California Common Law)

36. Speak Up repeats and realleges the allegations in paragraphs 1 through 21 of this Complaint, inclusive, as if fully set forth herein.

37. Defendant's use of Defendant's Mark as aforesaid constitutes trademark infringement, and unfair competition, in violation of the common law of California.

38. Defendant's acts as aforesaid have caused and continue to cause irreparable harm to Speak Up.

39. Unless restrained and enjoined by this Court, Defendant will persist their acts, thereby causing Speak Up further irreparable harm.

40. Speak Up has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Go Speak Up LLC prays for a judgment as follows:

1. That Defendant, and all persons in active concert or participation with it, or them, or any of them, who receive actual notice of the injunctions prayed for herein by personal service or otherwise, be preliminarily and then permanently restrained and enjoined from:

   a. Using the Defendant's Mark or any colorable imitation of the SPEAK UP! Marks, or any designation that is confusingly similar thereto, on or in connection with the marketing, advertisement, promotion, sale, offering for sale,

distribution of any goods, rendition of any services, or the conduct of any business, or any domain name at any level; and

      b.    Otherwise competing unfairly with Speak Up;

2. That Defendant, be ordered, pursuant to 15 U.S.C. § 1118, to deliver up to the Court for destruction or other disposition all labels, signs, prints, packages, wrappers, receptacles, advertisements and copies of websites in hard copy and computer readable form, bearing any of the designations whose use is enjoined under the injunctions prayed for herein, and all plates, molds, matrices, and other means of making the same;

3. That Defendant be ordered, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon counsel for Speak Up within thirty (30) days after the service on Defendant of the injunctions prayed for herein, a report in writing under oath setting forth in detail the manner and form in which they have complied with the injunctions;

4. That Defendant be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to Speak Up the profits realized from their infringement of Speak Up's SPEAK UP! Marks, and such amount be enhanced according to circumstances of the case;

5. That Defendant be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to Speak Up the damages sustained by Speak Up as a result of Defendant's infringement of Speak Up's SPEAK UP! Marks, and that the amount be enhanced according to the circumstances of the case;

6. That Defendant be ordered, pursuant to 15 U.S.C. § 1117(a), to pay to Speak Up its attorneys' fees and costs; and

7. That Speak Up be granted such other and further relief as the Court may deem just and proper.

Dated: June 10, 2019                                SEYFARTH SHAW LLP

                                                    By: /s/ Kenneth L. Wilton
                                                         Kenneth L. Wilton
                                                      Attorneys for Plaintiff
                                                      GO SPEAK UP LLC.

**JURY DEMAND**

In accordance with Rules 38 and 39 of the Federal Rules of Civil Procedure, Go Speak Up LLC asserts its rights and demands a trial by jury on all issues triable by a jury.

Dated: June 10, 2019            SEYFARTH SHAW LLP

By: /s/Kenneth L. Wilton
Kenneth L. Wilton
Attorneys for Plaintiff
GO SPEAK UP LLC.